Opinion issued March 4, 2004.

 















In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00161-CR




EDDIE JONES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 925604




MEMORANDUM OPINION
          Appellant, Eddie Jones was charged with possession of a controlled substance
with intent to deliver at least 400 grams of cocaine and pled not guilty. A jury found
appellant guilty, and the trial court, having found two enhancements true, assessed
punishment at confinement for 50 years. Appellant argues, in two points of error, that
the trial court erred by denying his motion to suppress evidence and by denying him
an article 38.23 application paragraph in the jury charge.
BACKGROUND
          On June 6, 2002, Officer Tim Walker of the Houston Police Department was
conducting surveillance of apartment C at 8050 Sands Point. The police had been
informed that a large amount of cocaine was stored there. Walker saw appellant visit
the apartment and decided to speak to him regarding the apartment’s contents. 
Walker contacted Officer Theodore Sanchez, informed Sanchez that appellant was
not wearing a seat belt, and requested that Sanchez stop appellant for that traffic
offense at the first opportunity. Sanchez did so. Sanchez testified, at the hearing on
appellant’s motion to suppress, that the stop was pretextual. After Sanchez stopped
appellant, Walker got out of his vehicle, walked over to where appellant was
standing, and informed him of the investigation and surveillance of apartment C. 
Walker testified that he asked appellant if he could talk to him. He informed
appellant that he was not under arrest and could get back in his vehicle and leave at
any time. Appellant agreed to speak to Walker. Walker further testified that when
he asked appellant about whether there was any cocaine in the apartment, appellant
became uncomfortable. At that point, Walker reiterated that appellant did not have
to speak with him and could leave, but that surveillance on the apartment would be
maintained. Appellant stated, according to Walker, that he did not live in the
apartment, though he did have a key to the apartment and that he knew the person
who lived there. Appellant said he did not have a problem with taking Walker to the
apartment and letting him look around. Walker asked appellant if he would ride to
the apartment in a police car rather than his own vehicle, and appellant agreed to do
so. Appellant was “patted down” for weapons before entering the police car. At
some point during his conversation with appellant, Walker asked whether there were
any drugs in the apartment and appellant replied that there were drugs in the
apartment and that the drugs belonged to him. When the officers and appellant
arrived at the apartment, appellant unlocked the door and led the officers to the
pantry, where they found seven and one-half kilos of cocaine and several ounces of
crack cocaine. Appellant was arrested after the drugs were found. No consent-to-search form was ever presented or signed.
DISCUSSION
Motion to Suppress
          Appellant, in his first point of error, asserts that the trial court erred in denying
his motion to suppress evidence, namely, the drugs found in the apartment, because
the traffic stop was pretextual and the officers exceeded the scope of the stop by
asking him about the drugs in the apartment without first developing probable cause
to do so. 
Standard of Review
          We review a trial court’s ruling on a motion to suppress for an abuse of
discretion. Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). Motions
to suppress are subject to a bifurcated standard of review. Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000). We defer to the trial court’s determination
of historical facts and ruling on mixed questions of law and fact. Guzman v. State,
955 S.W. 2d 85, 87-88 (Tex. Crim. App. 1997). However, we decide de novo
whether the trial court erred in applying the law to the facts. Carmouche, 10 S.W.3d
at 327.
          Appellant, in his motion to suppress, sought to suppress both the drugs found
in the apartment and his statements relating to those drugs. He asserted that the
statements and the narcotics were the fruit of a stop that had turned into an illegal
detention. Appellant’s claim is based on the proposition that the reason for the stop
was his failure to wear a seatbelt and the officers failed to develop any probable cause
for his further detention after dealing with his seatbelt violation. The State counters
that appellant consented to speak to the police officers after the stop, and that he
lacked any possessory interest in the apartment sufficient to implicate his Fourth
Amendment rights.
           According to Walker’s testimony, appellant consented to speak with him
immediately after Sanchez had asked for and received appellant’s driver’s license and
proof of insurance. Appellant’s consent to speak to Walker eliminated the
requirement that Walker needed reasonable suspicion in order to talk with appellant. 
See Spight v. State, 76 S.W.3d 761, 767-68 (Tex. App.—Houston [1st Dist.] 2002,
no pet.).
          In regard to the drugs seized in the apartment, “[I]t is a fundamental rule of
law that only the person whose primary legal right has been breached may seek
redress for an injury.” Fuller v. State, 829 S.W.2d 191, 201 (Tex. Crim. App. 1992). 
Further, “[a] person who is aggrieved by an illegal search and seizure only through
the introduction of damaging evidence secured by a search of a third person’s
premises or property has not had any of his Fourth Amendment rights infringed.”
Hughes v. State, 24 S.W.3d 833, 838 (Tex. Crim. App. 2000) (citing Rakas v. Illinois,
439 U.S. 128,134, 99 S. Ct. 421, 425 (1978)). Therefore, in order to achieve standing
for his motion to suppress, appellant must prove that he had a legitimate expectation
of privacy in the premises searched. Villarreal v. State, 893 S.W.2d 559, 561 (Tex.
App.—Houston [1st Dist.] 1994), aff’d, 935 S.W.2d 134 (Tex. Crim. App. 1996).
          Appellant lacks standing to contest the search. He told the officers that he did
not live at apartment C. Although appellant claimed possession of the drugs, he did
not assert any possessory interest in the apartment itself. There was no testimony
presented that would illustrate appellant’s relationship with the people in the
apartment. The trial court did not abuse its discretion in overruling appellant’s
motion to suppress. We overrule appellant’s first point of error.Jury Charge
          Appellant, in his second point of error, argues that the trial court erred by
failing to submit his requested article 38.23 charge to the jury. Article 38.23 requires
the exclusion of evidence “obtained by an officer or other person in violation of any
provisions of the Constitution or law of the State of Texas.” Tex. Code Crim. Proc.
Ann. art. 38.23(a) (Vernon 2003). The court’s charge contained an article 38.23
charge, but did not contain appellant’s requested application paragraph. Appellant
contends that the traffic stop made by Sanchez became an illegal detention once the
initial purpose was concluded.
          A trial court is required to include an article 38.23 instruction in the jury charge
only when there is a factual dispute as to how the evidence was obtained. Balentine
v. State, 71 S.W.3d 763, 773 (Tex. Crim. App. 2002). In this case, Walker and
Sanchez testified similarly as to the facts of the traffic stop and the subsequent
questioning of appellant. Appellant did not present any contravening testimony. 
Appellant did not present a factual dispute regarding the stop at trial and thus he was
not entitled to an article 38.23 instruction. The trial court did not err by failing to
give appellant’s requested article 38.23 application paragraph in the charge. We
overrule appellant’s second point of error.
CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).